IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DISABLED PATRIOTS OF AMERICA,
INC., a Florida not for profit
corporation, and KENNETH
TIDWELL, individually,

      Plaintiffs,

v.

HT WEST END, LLC, a Georgia
limited liability company,

      Defendant.

CIVIL ACTION NO.
1:04-CV-3216-JEC

### O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiffs' Application for Attorneys' Fees [13] and defendant's Motion to Strike Plaintiffs' Application [15]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Application [13] should be **DENIED** without prejudice, and defendant's Motion to Strike [15] should be **GRANTED**.

## BACKGROUND

Plaintiffs[1] filed this lawsuit pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* (Compl. [3].) Title III of the ADA imposes architectural and structural requirements on places of public accommodation, to ensure that public facilities are accessible to disabled patrons. 42 U.S.C. § 12182; 28 C.F.R. § 36.201(a). Defendant owns and operates a public facility known as The Mall West End. (Compl. [3] at ¶ 15.) In their Complaint, plaintiffs alleged that The Mall West End did not comply with ADA regulations. (*Id.* at ¶¶ 19-20.) Plaintiffs sought an injunction requiring defendant to bring its property into compliance, and an award of attorneys' fees, costs and litigation expenses. (*Id.* at ¶ 28.)

The parties entered into a Settlement Agreement on May 24, 2005. (Pls.' Application for Attorneys' Fees ("Pls.' Appl.")[13] at 2.) The Agreement resolved the issues concerning the alleged ADA violations at The Mall West End. (*Id.*) The Agreement also required defendant to pay plaintiffs' attorneys' fees, expert fees, litigation expenses, and court costs, in an amount to be determined by the Court

---

[1] Plaintiff Kenneth Tidwell is a disabled individual. (Compl. [3] at ¶ 12.) Plaintiff Disabled Patriots of America, Inc. ("Disabled Patriots") is a non-profit Florida corporation, whose stated purpose is "assuring [that] places of public accommodation are accessible to and usable by the disabled." (*Id.* at ¶ 11.)

2

upon plaintiffs' petition. (*Id.* at 2-3.)

Plaintiffs subsequently filed their Application for Attorneys' Fees. ([13].) In their Application, plaintiffs sought fees for four attorneys, including Oliver Wragg, John Fuller, Lawrence Fuller, and Tracie Dickerson. (Pl.'s Appl. [13] at 8.) Specifically, plaintiff sought to recover fees for 24.4 hours for John Fuller, 12.4 hours for Lawrence Fuller, 1.5 hours for Wragg, and 1.6 hours for Dickerson. (*Id.* at 9.) Of those four attorneys, only Wragg was licensed to practice law in Georgia. (*Id.* at Ex. 6.) John and Lawrence Fuller, who performed the bulk of the legal work on the case, were not licensed to practice in Georgia, and never filed an application for admission to practice in this district *pro hac vice*. (*Id.*)

Defendant filed a Motion to Strike plaintiffs' Application. (Def.'s Mot. to Strike [15].) In its Motion, defendant contends that the majority of the fees plaintiffs request are unauthorized, as attorneys John and Lawrence Fuller, who admittedly performed the majority of the legal work in this case, are not members of the Georgia bar or admitted to practice before this Court. (*Id.* at 4.) Defendant's Motion to Strike and plaintiffs' Application for Fees are both presently before the Court.

## DISCUSSION

Local Rule 83.1 governs the admission of attorneys to practice law in the Northern District of Georgia. N.D. Ga. R. 83.1. Pursuant

3

to Rule 83.1(A), an attorney who is an active member of the Georgia Bar is automatically eligible for admission to the bar of the Northern District of Georgia. *Id.* A non-resident attorney who is not a member of the Georgia bar must apply for permission to practice in the district *pro hac vice*. *Id. See also, In re Loveless Babies,* 315 B.R. 785, 789 (N.D. Ga. 2004)(holding that the only way for Chicago attorneys to lawfully represent debtors in the Northern District of Georgia was to be admitted *pro hac vice*).

The only attorney authorized to practice law in this district is Oliver Wragg, who is a member of the Georgia bar and has been admitted to the Northern District of Georgia. (Pl.'s Appl. [13] at Ex. 6.) As is apparent from plaintiffs' Application, however, Wragg only performed 1.5 hours of work on this case. (*Id.* at Ex. 7.) This work included reviewing the complaint, preparing and reviewing one letter, and participating in an approximately 20-minute settlement conference with Lawrence Fuller. (*Id.*) John and Lawrence Fuller performed the bulk of the substantive legal work on the case, including drafting the Complaint and all other documents to be filed with the Court, conferencing with and advising the client, interpreting expert reports, reviewing discovery, and negotiating and drafting the Settlement Agreement. (*Id.*)

The Court agrees with defendant that under the circumstances, John and Lawrence Fuller should have sought permission to practice in

this district *pro hac vice*. Their failure to do so certainly violated the local rules, and likely violated Georgia's Rules of Professional Conduct prohibiting the unauthorized practice of law in Georgia.

Plaintiffs' attorneys offer a number of reasons why they failed to seek admission *pro hac vice*, none of them persuasive. (Pls.' Resp. to Def.'s Mot. to Strike ("Pls.' Resp.")[21].) Primarily, plaintiffs argue that they interpreted the local rules only to require *pro hac vice* admission before an actual "appearance" in court. (*Id.* at 2.) Because neither John nor Lawrence Fuller appeared in court, plaintiffs contend, they were not required to obtain *pro hac vice* admission. (*Id.*)

The Court rejects plaintiffs' interpretation of the local rule. By its terms, Rule 83.1 governs the "admission to *practice* before the Court." N.D. Ga. R. 83.1 (emphasis added). Rule 83.1(B), which applies specifically to non-resident attorneys, provides for "permission to *practice*" in particular cases. *Id.* (emphasis added). Courts have repeatedly held that the "practice" of law is not limited to appearing in court. *See In re Loveless Babies,* 315 B.R. at 792 (holding that Chicago attorneys who never made an appearance in Georgia court were nevertheless "practic[ing] law in Georgia"); *In re Peterson,* 163 B.R. 665, 672 (D. Conn. 1994) (recognizing that the practice of law "includes giving legal advice and drafting documents

5

regardless of whether it occurs in a 'court of record'"); *Ramirez v. England,* 320 F.Supp. 2d 368, 377 (D. Md. 2004)(stating that "the very acts of interview, analysis and explanation of legal rights constitute practicing law").

Moreover, Local Rule 83.1(B) is the mechanism by which the Court obtains the authority to monitor, and discipline if necessary, non-resident attorneys practicing before it.  *See In re Smith,* 306 B.R. 5, 7 (M.D. Ala. 2004)(noting that non-resident attorney became subject to the forum's rules of professional conduct upon his admission *pro hac vice*); *Adams v. Bellsouth Telecommunications, Inc.,* 2000 WL 33941852 *4 (S.D. Fla. 2000)(citing authority for imposing discipline on an attorney admitted *pro hac vice*).  To that end, Rule 83.1(C) provides: "All lawyers practicing before this court shall be governed by and shall comply with the specific rules of practice adopted by this court and, unless otherwise provided, with the Georgia Rules of Professional Conduct."  N.D. Ga. R. 83.1(C). Plaintiffs' interpretation--which would subject attorneys to these rules only when they physically "appear" in a courtroom--would seriously hinder the Court's ability to monitor and discipline non-resident attorneys who are conducting litigation in this district.

Plaintiffs justify their interpretation on the basis of the "complex" laws that govern the admission to practice in federal courts in Georgia.  (Pls.' Resp. [21] at 3.)  According to

plaintiffs, the requirements for admission under Rule 83.1 are "confusing" as to when an attorney should apply for *pro hac vice* admission. (*Id.*) Plaintiffs explain, further, that the nature of their multi-state practice adds to the confusion, as admission requirements vary from state to state. (*Id.*) As examples, plaintiffs cite the different local rules governing admission in federal courts in Massachusetts, Michigan and Texas. (*Id.*)

Regardless of the varying requirements for admission to the federal courts in other states, if the attorneys intend to practice in the Northern District of Georgia, it is incumbent upon them to become familiar with the local rules that govern the federal courts in this district. Furthermore, the text of Rule 83.1 is fairly straightforward: non-resident attorneys who are not members of the Georgia bar must apply for *pro hac vice* admission before they practice law in Georgia. N.D. Ga. R. 83.1(B). Practicing law is not limited to appearing in court, but includes all of the professional duties that lawyers typically perform, such as advising clients and drafting court documents. John and Lawrence Fuller clearly were practicing law when they: drafted the Complaint and other court documents, evaluated and analyzed expert reports, provided legal advice to plaintiffs, and negotiated and drafted a Settlement

AO 72A
(Rev.8/82)

Agreement.[2]  (*See* Pls.' Appl. [13] at Ex. 7.)

In a further effort to excuse their failure to comply with the local rules, plaintiffs contend that a previous incident in a case in this district before Judge Cooper led them to believe that they did not have to file for admission *pro hac vice*. In that case, *Disabled Patriots of America, Inc., et al. v. Marriott Int'l*, Case No. 1:03-CV-3744-CC (N.D. Ga. 2004), John Fuller appeared at a hearing before Judge Cooper, although his application for admission *pro hac vice* had not been granted. (Pl.'s Resp. [21] at 4.)  The application was not granted prior to the hearing because the attorneys had failed to designate local counsel, as required by Local Rule 83.1(B)(2). (*Id.*) Judge Cooper permitted Fuller to argue his case before the Court, and instructed him to work out the *pro hac vice* issue with the Court Clerk. (*Id.* at 5.)  Fuller subsequently corrected the error, and was granted *pro hac vice* admission. (*Id.*)

Plaintiffs' attorneys do not cite any statements or representations by Judge Cooper indicating that Rule 83.1 only applies when attorneys make a court appearance. (Pl.'s Resp. [21] at 4-5.)  Indeed, it is unclear exactly what about their experience with Judge Cooper led plaintiffs' attorneys to believe that "*pro hac vice*

---

[2] In addition, Lawrence Fuller has signed at least one document submitted to the Court as "Attorney for Plaintiffs."  (*See* Stipulation of Dismissal [11].)

8

admission was required only to make a record appearance." (*Id.* at 5.) If anything, the experience should have heightened the attorneys' awareness of the requirements of Rule 83.1, and counseled more vigilance in complying with those requirements.

Finally, plaintiffs cite the Georgia Rules of Professional Conduct in support of their interpretation of the local rules. (Pl.'s Resp. [21] at 8.) Specifically, plaintiffs cite Rule 5.5(e), which states:

> a Foreign Lawyer does not engage in the unauthorized practice of law in this jurisdiction when on a temporary basis the Foreign Lawyer performs services in this jurisdiction that: 1) are undertaken in association with a lawyer who is admitted to practice in this jurisdiction and who actively participates in the matter.

Ga. R. Prof. Conduct 5.5(e). Plaintiffs contend that they met the requirements of this rule by associating with Oliver Wragg, who is admitted to practice in Georgia. (*Id.* at 8.)

As an initial matter, even if plaintiffs' attorneys are not guilty of unauthorized practice of law in Georgia, they have not been properly admitted to practice before this Court. Local Rule 83.1 clearly requires non-resident attorneys to apply for admission *pro hac vice*. Compliance with Georgia Rule of Professional Conduct 5.5(e) does not dispense with the requirements of the local rules of this Court.

Moreover, the Court doubts whether the attorneys complied with

9

Rule 5.5(e). By its terms, the rule requires the "active participation" of a lawyer admitted to practice in Georgia. "Active participation" would seem to imply more than 1.5 hours of work expended reviewing the Complaint and Settlement Agreement, drafting one letter, and participating in a 20-minute conference. *See In re Loveless Babies,* 315 B.R. at 793 ("If, as the [non-resident] Attorneys represent, they provided substantial legal representation-- enough to justify their receipt of three-fourths of the fee--they cannot be strangers to their clients' case and must be considered to be co-counsel for Debtors."). It is also difficult to characterize plaintiffs' attorneys' presence in Georgia as "temporary"--according to their own exhibits, the attorneys have filed seven cases in the Northern District of Georgia in the past two years.[3] (Pl.'s Resp. [21] at "List of Cases.") Their activities in Georgia are thus approaching a "continuous and systematic presence" in the state, which is prohibited by Rule 5.5. (*Id.* at Ex. 4, p.2.)

In short, plaintiffs' attorneys have filed a fee application for approximately $16,000.00, the vast majority of which is for work performed by lawyers not admitted to practice in this Court in violation of Local Rule 83.1, and quite possibly in violation of the

---

[3] Defendant claims that plaintiffs' attorneys have worked on more than 60 other cases in this district in the past 18 months. (Def.'s Reply in Supp. of Mot. to Strike [24] at 9.)

10

Georgia Rules of Professional Conduct prohibiting the unauthorized practice of law in Georgia. As plaintiffs' lead attorneys were not authorized to practice law in this district, their Application for Fees is not properly before the Court. *See Erbacci, Cerone, and Moriarty, Ltd. v. United States,* 923 F.Supp. 482, 485 (S.D.N.Y. 1996)("In the instant case, because plaintiffs' counsel has not been admitted to practice before this Court, the instant motion is not properly before this Court, and therefore, should be denied."); *Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 861 (9th Cir. 2004) (affirming district court's order awarding attorney's fees only from the date of attorney's admission to practice *pro hac vice*). Accordingly, defendant's Motion to Strike is **GRANTED**.

Nevertheless, denying plaintiffs' attorneys any opportunity to recover fees would arguably be unduly harsh, particularly as attorneys' fees are an essential part of the parties' Settlement Agreement. (Pls.' Appl. [13] at Ex. 1.) The Court does not wish to deny plaintiffs' attorneys the opportunity to recover their reasonable fees, but merely to impress upon counsel the importance of observing the rules of the Court when practicing in this district.[4]

---

[4] As far as this Court is concerned, this is the last time these lawyers can claim surprise as to the need to comply with the local rules of this district. Should this scenario reoccur, the Court will deny attorney's fees without giving counsel the opportunity to remedy

11

Accordingly, the Court will allow plaintiffs an opportunity to file for *pro hac vice* admission of all non-resident attorneys who are, or were, actively involved in this case. Plaintiffs have ten (10) days from the date of this Order to make this filing. It appears from the record that Attorney John Fuller was admitted on July 25, 2005. (Order [22].) However, Lawrence Fuller still has not been admitted to practice before the Court.

After plaintiffs' attorneys have complied with Local Rule 83.1, plaintiffs may then file an application seeking fees for all properly authorized attorneys. This application is due within twenty (20) days from the date of this Order. Plaintiffs' renewed Application should not include any fees related to defendant's Motion to Strike, as this motion was necessitated by plaintiffs' failure to comply with the local rules.

Defendant has requested an extension of time to respond specifically to any portions of plaintiffs' fee application deemed by the Court to be appropriate. (Def.'s Mot. to Strike [15] at 14.) The Court will grant defendant twenty (20) days from its receipt of

---

their knowing omission. Defendant's pleading makes clear that plaintiffs' counsel are volume filers of these ADA suits. The law suits appear to get settled quickly, and counsel then request attorney's fees. Admittedly, the fee charged for admission *pro hac vice* reduces the net revenue collected by counsel in a given case, but that fact does not exempt counsel from complying with this Court's local rules.

12

plaintiffs' renewed application to respond specifically to plaintiffs' request for fees. The Court will consider deducting from plaintiffs' fee award any fees and expenses incurred by defendant as a result of filing its Motion to Strike, as the motion was necessitated by plaintiffs' failure to comply with the local rules. Thus, defendant should include in its response an accounting of these fees and expenses.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** without prejudice plaintiffs' Application for Attorneys' Fees [13] and **GRANTS** defendant's Motion to Strike [15]. Plaintiffs have twenty (20) days from the date of this Order to resubmit an Application to recover attorneys' fees for any attorney properly admitted to practice before this Court.

SO ORDERED, this 23 day of February, 2006.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE