```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

DISABLED PATRIOTS OF AMERICA,
INC., a Florida not for profit
corporation, and KENNETH
TIDWELL, individually,

        Plaintiffs,

v.

HT WEST END, LLC, a Georgia
limited liability company,

        Defendant.

CIVIL ACTION NO.

1:04-CV-3216-JEC

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 14 2007

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

## O R D E R  &  O P I N I O N

This case is presently before the Court on plaintiffs' Second Application for Attorneys' Fees [30], defendant's Objection to Plaintiffs' Supplemental Filing [35], and plaintiffs' Motion to Supplement their Fee Application [38]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiffs' Second Fee Application [30] should be **GRANTED** in part and **DENIED** in part, defendant's Objection to Plaintiff's Supplemental Filing [35] should be **OVERRULED**, and plaintiffs' Motion to Supplement their Fee Application [38] should be **GRANTED**.

AO 72A
(Rev.8/82)

**BACKGROUND**

Plaintiffs[1] filed this lawsuit against defendant, the owner of The Mall West End, under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* (Compl. [3].) In their Complaint, plaintiffs alleged that The Mall West End did not comply with the architectural and structural requirements of the ADA and its implementing regulations. (*Id.* at ¶¶ 19-20.) They sought an injunction requiring defendant to bring its property into compliance, and an award of attorneys' fees, costs and litigation expenses. (*Id.* at ¶ 28.)

The parties entered into a Settlement Agreement on May 24, 2005. (Pls.' Second Application for Attorneys' Fees ("Pls.' Second Appl.")[30] at Ex. 1.) The Agreement resolved the issues concerning the alleged ADA violations at The Mall West End. (*Id.*) The Agreement also required defendant to pay plaintiffs' attorneys' fees, expert fees, litigation expenses, and court costs, in an amount to be determined by the Court upon plaintiffs' petition. (*Id.*)

Plaintiffs subsequently submitted their first Application for Attorneys' Fees. (Pls.' Appl. for Fees [13].) Defendant moved to

---

[1] Plaintiff Kenneth Tidwell is a disabled individual. (Compl. [3] at ¶ 12.) Plaintiff Disabled Patriots of America, Inc. ("Disabled Patriots") is a non-profit Florida corporation, whose stated purpose is "assuring [that] places of public accommodation are accessible to and usable by the disabled." (*Id.* at ¶ 11.)

strike the Application, because the majority of plaintiffs' requested fees were incurred by attorneys who were not members of the Georgia bar or admitted to practice in this district. (*See* Order [26].) The Court found that plaintiffs' attorneys had improperly failed to seek admission *pro hac vice,* violating the local rules and possibly Georgia's ethics rule prohibiting the unauthorized practice of law. (*Id.*) The Court thus granted defendant's motion to strike. (*Id.*)

The Court also recognized, however, that the fee provision was an integral part of the parties' Agreement, and that it would be unduly harsh to deny plaintiffs' attorneys any opportunity to recover their reasonable fees. (*Id.*) Accordingly, the Court denied plaintiffs' Fee Application without prejudice, and instructed the non-resident attorneys to seek admission *pro hac vice,* and to file a second application limited to fees incurred by attorneys properly admitted to practice in this district. (*Id.*) Plaintiffs have now filed their Second Application for Fees, which is presently before the Court. (Pls.' Second Appl. [30].)

## DISCUSSION

### I.   Attorneys' Fees

There is no question that plaintiffs are entitled to attorneys' fees. Defendant does not dispute that plaintiffs are "prevailing parties" under 42 U.S.C. § 12205, the ADA's fee-shifting provision. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health &*

3

*Human Res.*, 532 U.S. 598 (2001) and *Am. Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002). In addition, the parties' Agreement specifically requires defendant to pay plaintiffs' "attorney's fees, expert fees, litigation expenses and court costs." (Agreement at ¶ 2.) The only question for the Court is the appropriate amount of fees.[2]

To determine the proper amount of fees, the Court must multiply the hours "reasonably expended" on the case by a "reasonable hourly rate." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)(citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). *See also, Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357 (11th Cir. 2006) (discussing the standard for calculating attorneys' fees). The product of these two figures is commonly referred to as the "lodestar." *Neptune Designs*, 469 F.3d at 1358. The lodestar is presumptively reasonable, but may be adjusted based on a number of factors, such as the degree of plaintiffs' success in the suit. *Id.*; *Norman*, 836 F.2d at 1299.

---

[2] Defendants suggest that the Court should deny plaintiffs' request for fees incurred prior to the Fuller attorneys' admission *pro hac vice*. (Def.'s Response [31] at 3-6.) This would be tantamount to denying plaintiffs' application altogether, as almost all of the fees were incurred prior to the attorneys' admission. As the Court noted in its previous Order, denying plaintiffs' attorneys any opportunity to recover fees would be unduly harsh, particularly as fees are an essential part of the parties' Settlement Agreement. (*See* Order [26] and Pls.' Second Appl. [30] at Ex. 1.)

4

A.  Reasonable Hourly Rate

Plaintiffs request fees for four attorneys who worked on this case: Lawrence Fuller, John Fuller, Oliver Wragg, and Jimmy Hwang. (Pls.' Second Appl. [30] at 9.) Plaintiffs seek reimbursement at the rate of $325 an hour for the Fullers and Wragg, and $150 an hour for Hwang. (Id.)

Defendant does not dispute that $150 is a reasonable hourly rate for Hwang's services. (See Def.'s Resp. [31] at 13-14.) As to the other attorneys, defendant contends that the limited substantive work required in this case does not merit $325 an hour. (Id.) Instead, defendant maintains that $150 an hour is an appropriate hourly rate for all of the attorneys, including the Fullers and Wragg. (Id.)

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman, 836 F.3d 1299. In support of their request for $325 an hour, plaintiffs have produced evidence that John and Lawrence Fuller have both been practicing law for more than 25 years, and that their law firm, Fuller, Fuller & Associates, has substantial experience litigating ADA Title III cases. (Pls.' Second Appl. [30] at Ex. 5.) Wragg has been practicing civil rights law for approximately 15 years, and also has substantial experience handling ADA cases. (Id.) All three attorneys are members of several state bars. (Id.)

5

Plaintiffs cite a number of recent decisions finding rates between $250 and $325 an hour to be reasonable in ADA cases involving attorneys of their skill and experience.[3] (*Id.* at 7-8.) *See, e.g., Disabled Patriots v. Regency Ctr., L.P.*, 1:04-CV-0419-RWS (N.D. Ga. 2005) (Story, J.)(awarding $300 an hour to Lawrence and John Fuller, and $250 an hour to Oliver Wragg, for their participation in ADA litigation); *Advocates for the Disabled, Inc. v. Boulevard Motel Corp.*, 99-6833-CIV-HIGHSMITH (S.D. Fla. 2000)(awarding $275 an hour); and *Associates for Disabled Am., Inc., et al. v. Tobacco Rd., Inc.*, 99-3128-CIV-HURLEY/LYNCH (S.D. Fla. 2001)(awarding the senior attorney in a similar case $325 an hour). Defendant does not offer any countervailing evidence of a lower going rate. However, defendant does point out that the attorneys' work in this case was limited to drafting a complaint, preparing routine discovery requests, and drafting a settlement agreement. (Defs.' Resp. [31] at 13-14.) Moreover, plaintiffs have not explained why the services of four attorneys was necessary on a case of this simplicity.

Considering the above evidence and arguments, the Court finds that $250 an hour is a reasonable rate for the Fullers, and $200 an

---

[3] Plaintiffs contend that the range is $275 to $500, citing *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297 (N.D. Ga. 1993)(Shoob, J.)(finding rates up to $500 an hour reasonable). *In re Domestic Air* involved a substantially more complex antitrust class action. It has no application to the present case.

hour is a reasonable rate for Wragg. *Accord, Disabled Patriots v. Regency Ctr., L.P.,* 1:04-CV-0419-RWS (N.D. Ga. 2005). Although the attorneys are very experienced, this case was not particularly novel or complex. And, as defendant correctly notes, it did not require substantial or difficult legal work.

B. Hours Reasonably Expended on the Case

Plaintiffs have submitted an itemized bill of the time each attorney spent on the case. (Pls.' Second Appl. [30] at Ex. 6 and Pls.' Supplemental Appl. [38].) Summarizing the attorneys' time records: 1) Lawrence Fuller recorded 12.4 hours; 2) John Fuller recorded 39.5 hours[4]; 3) Oliver Wragg recorded 1.5 hours; and 4) Jimmy Hwang recorded 2.6 hours. (*Id.*)

All of the attorneys' time entries are detailed and well-documented. (*Id.*) Contrary to defendant's argument, none of the time appears to have been excessive, redundant or unnecessary. *See Norman,* 836 F.2d at 1301 (noting that "'excessive, redundant or otherwise unnecessary' hours should be excluded from the amount claimed"). The majority of the time was spent drafting and reviewing pleadings, discovery requests and correspondence, and negotiating and

---

[4] This includes time recorded after plaintiffs filed their Second Fee Application, spent preparing plaintiffs' reply in support of the Application and responding to defendant's Objection to plaintiffs' supplemental filing. (*See* Pls.' Supplemental Appl. [38].) Although Mr. Fuller stated that his supplemental hours totaled 12.8, the Court calculated the sum to be 15.1 hours. (*Id.*)

7

preparing a settlement agreement. (*Id.*) The rest of the time was spent communicating with clients and opposing counsel. (*Id.*) All of the recorded time appears to have been "useful, necessary, and related to the litigation." *Knight v. Alabama*, 824 F. Supp. 1022, 1034 (N.D. Ala. 1993).

C. The Lodestar

Multiplying each attorney's reasonable rate by the amount of hours reasonably expended, the lodestar sum in this case is $13,665.00. Neither party has offered any persuasive arguments for increasing or reducing the lodestar figure. *See Knight*, 824 F. Supp. at 1029 ("there is a strong presumption that the lodestar amount represents the reasonable fee award") (citing *Pennsylvania v. Delaware Valley Citizens' Council*, 478 U.S. 546, 566 (1985)).

The Court indicated in its prior Order that it would consider deducting from plaintiffs' award the fees and expenses defendant incurred in filing its motion to strike, as that motion was necessitated by plaintiffs' failure to comply with the local rules. (Order [26].) Defendant has included a detailed accounting of these fees and expenses in its response. (Def.'s Resp. [31] at Ex. A.) The Court finds that defendant's request for $3,809.25 associated with filing its motion to strike is reasonable and warranted. Subtracting this amount from the lodestar figure, the Court finds that plaintiffs are entitled to **$9,855.75** in attorneys' fees.

AO 72A
(Rev.8/82)

Plaintiffs also request $67.50 in paralegal fees. (Pls.' Second Appl. [30] at Ex. 12.) These fees were incurred in a reasonable effort to verify the owner of The Mall West End, and to ensure that plaintiffs named the proper party as a defendant in this lawsuit. (*Id.*) Accordingly, the Court will reimburse plaintiffs in the amount of **$67.50** for paralegal fees.

## II.     Expert Fees

In addition to attorneys' fees, plaintiffs seek reimbursement for expert fees. (Pls.' Second Appl. [30] at 13-15.) Expert fees are recoverable under § 12205 and are contemplated by the parties' Settlement Agreement. (*Id.* at Ex. 1) *See Robins v. Scholastic Book Fairs*, 928 F. Supp. 1027, 1034 (D. Or. 1996) (awarding expert fees to a prevailing plaintiff). Plaintiffs have submitted an invoice from David Pedraza of the "A.D.A. Compliance Team, Inc." in support of their request for expert fees. (*Id.* at Ex. 12.) In the invoice, Pedraza states that he spent 14 hours working on this case, at $175 an hour, for a total fee of $2450.00. (*Id.*)

The Court does not agree with defendant that expert fees should be denied in their entirety because expert services were unnecessary in this case. (*See* Def.'s Resp. [31] at 14-15.) Pedraza's assessment could have, and likely did, assist in the relatively quick and efficient resolution of this case. Plaintiffs' recovery of some

9

amount of expert fees is thus warranted.

However, plaintiffs have not demonstrated that they are entitled to the full amount requested. As an initial matter, Pedraza's invoice only generally describes how Pedraza spent his time. (*See* Pl.'s Second Appl. at Ex. 12.) It is not sufficiently detailed for the Court to determine whether all of his hours were necessary and reasonable.[5] (*Id.*)

In addition, there are two specific aspects of Pedraza's invoice that are troubling to the Court. First, Pedraza has billed an unspecified amount of time for "verification of property identification and owner with Secretary of State, County Property Appraiser's Office, Occupational License Department, and Building Department." (*Id.*) A paralegal in the Fuller firm also billed for time spent conducting a title search and verifying the owner of the

---

[5] Plaintiffs suggest that the Court should hold an evidentiary hearing to determine whether the requested expert fees are reasonable. (Pls.' Second Appl. [30] at 17.) As plaintiffs point out, an evidentiary hearing would likely require at least 8 additional hours of attorney and expert time, increasing the fees and expenses in this case by $3,000. (*Id.*) The Court is reluctant to have the parties incur $3,000 in additional fees and expenses to determine whether the expert's $2,450 fee is reasonable. Moreover, the Court does not believe that an evidentiary hearing on this issue is necessary or warranted. *See Norman*, 836 F.2d at 1304 (recognizing that evidentiary hearings are not generally necessary to determine whether a request is reasonable). There is no reason why plaintiffs could not have supported the reasonableness of Mr. Pedraza's fee with documentary evidence, such as affidavits and a more detailed invoice. *Id.*

property.  (*Id.* at Ex. 6.)  Any time that Pedraza spent on this same activity was therefore redundant.  It is unclear from the invoice how much time Pedraza spent verifying the owner of the property.  The Court will estimate that he spent two hours and deduct this time from the amount of recoverable expert fees.

It is also apparent from the invoice that "A.D.A. Compliance Team, Inc." is located in Fort Lauderdale, Florida.  (*Id.*)  Pedraza's invoice includes time billed for "travel to and from location to perform additional ADA inspection."  (*Id.*)  The Court presumes that Pedraza traveled from Fort Lauderdale, Florida to Atlanta, Georgia to perform his inspection.  Perhaps it was not feasible to hire an expert closer to Atlanta, but plaintiffs have not made this showing. Neither have they shown how much time Pedraza spent traveling to and from the site.  The Court will conservatively estimate that Pedraza spent four hours traveling to and from The Mall West End, and reduce the expert bill accordingly.

Factoring in these adjustments, the Court finds that plaintiffs should be reimbursed for eight hours of Pedraza's time at the rate of $175 an hour.  Accordingly, plaintiffs are entitled to expert fees in the amount of **$1400.00**.

**III. Costs**

Plaintiffs request $1,676.49 in costs and expenses.  (Pls.' Second Appl. [30] at 16.)  Costs and expenses are recoverable under

11

§ 12205. *See Dowdell v. City of Apopka,* 698 F.2d 1181, 1188 (11th Cir. 1983). Moreover, the terms of the parties' Agreement require defendant to reimburse plaintiffs for their costs and litigation expenses. (*Id.* at Ex. 1.)

The proper amount of costs and expenses is "determined by the necessities of the case." *Id.* at 1191. Costs are generally recoverable if they were "reasonably incurred." *Id.* Plaintiffs have submitted a detailed bill of their costs and expenses. (Pls.' Second Appl. [30] at Ex. 6.) Most of the items on the bill, such as telephone, postage and photocopying charges, clearly are reasonable and recoverable. (*Id.*) *See Dowdell,* 698 F.2d at 1192.

There are two exceptions, however. First, plaintiffs' bill includes a $175 "Open/Close File Charge" that plaintiffs have failed to justify. (*Id.*) This appears to be an overhead expense, which should be absorbed by the attorneys. *Id.*

In addition, plaintiffs' bill includes a $300 charge for the *pro hac vice* admission of both Lawrence and John Fuller. (*Id.*) The Court understands why plaintiffs sought admission for two non-resident attorneys, as both attorneys had already performed substantial work on the case before submitting their fee application, and the Court indicated in its last Order that only properly admitted attorneys would be reimbursed for their attorneys' fees. (Order [26].) However, it was not necessary for two out-of-state attorneys

12

to litigate this case. Lawrence and John Fuller have overlapping skills and experience; one of them easily could have handled the case, particularly given the limited amount of substantive work that was required. The Court finds that it would be unreasonable to charge defendant for the *pro hac vice* admission of both attorneys.

Based on the above considerations, the Court will deduct from plaintiffs' bill of costs the $175 "Open/Close File Charge," as well as the $150 charge for one of the Fullers' *pro hac vice* admissions. Accordingly, the Court finds that plaintiffs are entitled to **$1,351.49** in costs and expenses.

### CONCLUSION

For the foregoing reasons, the Court **GRANTS** in part and **DENIES** in part plaintiffs' Second Application for Attorneys' Fees [30], **OVERRULES** defendant's Objection to Plaintiffs' Supplemental Filing [35], and **GRANTS** plaintiffs' Motion to Supplement their Fee Application [38]. The Court awards plaintiffs **$9,923.25** in attorney and paralegal fees, **$1,400.00** in expert fees, and **$1,351.49** in costs and expenses.

SO ORDERED, this __13__ day of March, 2007.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

13